DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> (Rural Development) ) <br> ) <br>        **Plaintiff,** ) <br> ) <br>        v. ) <br> ) <br> **MICHAEL J. SPRINGER, JR., MICHELLE** ) <br> **SPRINGER and FAYE MARTINEZ, Heirs at** ) <br> **Law of HELEN M. SPRINGER a/k/a HELEN** ) <br> **CHINNERY MARTINEZ SPRINGER,** ) <br> **Deceased; and THE GOVERNMENT OF THE** ) <br> **VIRGIN ISLANDS (Internal Revenue Bureau),** ) <br> ) <br>        **Defendants.** ) <br> _____) | **Civil Action No. 2012-0001** |

**Attorneys:**

**Angela P. Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiff United States of America*
    *(Rural Development)*

**Vincent A. Colianni, II, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Michael J. Springer, Jr.*

**Erika Scott, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Government of the*
    *Virgin Islands (Internal Revenue Bureau)*

## MEMORANDUM OPINION

**Lewis, District Judge**

      THIS MATTER comes before the Court on Plaintiff's Motion for Summary Judgment against Defendants Michael J. Springer, Jr. and the Government of the Virgin Islands (Dkt. No. 32), and on Plaintiff's Motion for Default Judgment as to Defendants Michelle Springer and

Faye Martinez (Dkt. No. 35), both of which were filed on October 31, 2012. For the reasons discussed below, the Court will grant the Motion for Summary Judgment against Defendants Michael Springer and the Government of the Virgin Islands, and will grant the Motion for Default Judgment against Defendants Michelle Springer and Faye Martinez.

## I. BACKGROUND

On January 4, 2012, Plaintiff United States of America (Rural Development) filed a Complaint for Foreclosure against Michael J. Springer, Michelle Springer, Faye Martinez, and the Government of the Virgin Islands. (Dkt. No. 1). The Complaint alleged that, in December 1978, Helen M. Springer, a/k/a Helen Chinnery Martinez Springer ("Mrs. Springer"), executed and delivered to the United States, acting through Rural Development (formerly known as Farmers Home Administration), a promissory note (the "Note") in which she promised to pay the United States $32,000.00 plus interest at the rate of 8.5% per annum in monthly installments beginning January 8, 1979. (Dkt. No. 1, ¶ 8). As security for the payment of the Note, Mrs. Springer executed and delivered to the United States a mortgage (the "Mortgage") encumbering the following property:

> Plot No. 50, Estate Eliza's Retreat (from parcel No. 42),
> Christiansted, St. Croix, United States Virgin Islands, consisting of
> 5.128.583 square feet, more or less, all as more fully shown on
> Public Works Department Drawing No. 1727-11, dated August 22,
> 1969.

*Id.*, ¶ 9 (the "Property"). The Mortgage was recorded on December 14, 1978. *Id.*

The Complaint further alleges that on March 8, 1990, Mrs. Springer and the United States entered into a Reamortization and/or Deferral Agreement ("Reamortization Agreement") providing that a payment of $227.00 would be due on June 8, 1990, and monthly installments in

2

that amount would be due on the 8th of each month with the final installment due on December 8, 2011. *Id.* ¶ 10.

Mrs. Springer died intestate in August 1999.[1] In June 2000, the Territorial Court of the Virgin Islands entered an Amended Final Judgment that recognized Michael Springer, Jr., Michelle Springer, and Faye Martinez as the legal heirs of Mrs. Springer, placed them in full possession of her estate, and vested the Property in them. (*Id.* ¶¶10-13). The Complaint alleges that none of the legal heirs of Mrs. Springer assumed the debt owed to the Plaintiff, and thus the heirs were in default under the terms of the Note, Mortgage, and Reamortization Agreement because they did not pay the monthly installment due on February 8, 2008 and all subsequent installments. *Id.* ¶ 15. As a result of the default, the United States declared the entire amount of indebtedness immediately due and payable, and demanded payment; the three heirs of Mrs. Springer failed to cure the default. *Id.* ¶ 16. The Complaint alleges that the principal amount due and owing is $9,487.53, plus interest through January 1, 2011 of $3,110.87, interest on assessed fees of $76.29, and escrow fees for taxes and insurance of 3,094.71, for a total amount due (as of January 1, 2011) of $16,369.40. Interest continues to accrue at the rate of $2.2094 per day. *Id.* at ¶ 18.

The Complaint further alleges that Defendant Government of the Virgin Islands, Bureau of Internal Revenue, may claim an interest in the Property by virtue of two Virgin Islands tax liens against Defendant Michael J. Springer, Jr. ("Mr. Springer"), filed on September 12, 2007 and July 18, 2008, and that such claim of interest is subordinate and inferior to Plaintiff's mortgage. *Id.* ¶ 19.

---

[1] The Complaint mistakenly alleges that Mrs. Springer died on August 5, 1990. The Death Certificate provides that Mrs. Springer died on August 5, 1999. (Dkt. No. 1-5).

On January 9, 2012, Plaintiff filed a Notice of *Lis Pendens*. (Dkt. No. 2).

On March 20, 2012, the Government of the Virgin Islands filed an Answer to the Complaint and a Cross-Claim against Mr. Springer, Michelle Springer, and Faye Martinez in which it asked the Court to, *inter alia*, determine the priority of the liens involved in the action. (Dkt. No. 10). On March 22, 2012, Mr. Springer filed an Answer. (Dkt. No. 16). Because Defendants Faye Martinez and Michelle Springer never appeared in this action, Plaintiff filed Motions for Entry of Default against Faye Martinez (Dkt. No. 22) and Michelle Springer (Dkt. No. 23) on May 2, 2012. The Clerk of the Court entered default against Faye Martinez on May 3, 2012 (Dkt. No. 24) and against Michelle Springer on May 16, 2012. (Dkt. No. 27).

### A. Motion for Summary Judgment

On October 31, 2012, Plaintiff filed its Motion for Summary Judgment against Mr. Springer and the Government of the Virgin Islands. (Dkt. No. 32). In this Motion, Plaintiff claims there is no genuine issue of material fact that the debt owed it, secured by the Property in which these Defendants have an interest, is in default and has not been paid despite demand for payment. Since neither the Note nor the status of the payments is disputed, and since the interests of both Defendants are inferior to Plaintiff's interest in the Property, Plaintiff contends that summary judgment is warranted. *Id.* at 2-6.

In support of its motion, Plaintiff provided an "Affidavit of Nigel Parish on the Certification of Government Records and Amount of Debt Owed." (Dkt. No. 33-1). Mr. Parish, Area Director of the U.S. Department of Agriculture for the Virgin Islands, averred that he had personal knowledge of the facts stated based on his knowledge of the documents executed by Mrs. Springer that were regularly maintained as part of the business records in her file. He provided a "Certificate of Indebtedness" which set forth the amounts owed as of October 15,

2012 on Mrs. Springer's loan. (Dkt. No. 33-2). In the Certificate of Indebtedness, Mr. Parish asserted that the total amount owed to the United States as of October 15, 2012, based on Defendants' default on the mortgage and other associated fees, was $22,409.09, comprised of the following sums:

| | |
|---|---|
| Principal Balance on the Note:<br>From the official date of default<br>of February 8, 2008 | $9,487.53 |
| Unpaid Interest on the Note:<br>Feb. 8, 2008 through Oct. 15, 2012 | $3,744.97 |
| Per Diem Interest on the Note<br>(at $2.2094 per day) | $ 877.58 |
| Insurance fees (2006-2012) | $2,969.71 |
| Taxes (2001-2010) | $5,204.30 |
| Title Search/Updates | $  125.00 |
| TOTAL | $ 22,409.09 |

(Dkt. No. 33-1, 33-2).

On November 30, 2012, Mr. Springer filed a "Notice of Non Opposition to the United States' Motion for Summary Judgment." (Dkt. No. 42). The Government of the Virgin Islands did not oppose the Motion for Summary Judgment; however, in its Answer to Plaintiff's Complaint, the Government of the Virgin Islands admitted that its tax liens against Mr. Springer, filed on September 12, 2007 and July 18, 2008, were "subordinate and inferior to Plaintiff's real estate mortgage." (Dkt. No. 1, ¶ 19; Dkt. No. 10, ¶ 19).

### B. Motion for Default Judgment

Plaintiff has also moved for default judgment as to Defendants Michelle Springer and Faye Martinez. (Dkt. No. 35). The Assistant United States Attorney representing the Plaintiff,

5

Angela P. Tyson-Floyd, filed a Declaration in which she averred that: Faye Martinez and Michelle Springer were personally served with the Summons and Complaint in this action on March 28, 2012 and April 3, 2012, respectively; that they failed to answer; that the Clerk of Court entered a default against Michelle Springer and Faye Martinez on May 3, 2012 and May 16, 2012, respectively; that these two Defendants were neither infants nor incompetents, nor were they members of any branch of the active military service as confirmed by a search of the database maintained by the Department of Defense at the Service Members Civil Relief Act Website. (Dkt. Nos. 35-2, 35-3).

## II.  APPLICABLE LEGAL PRINCIPLES

### A.  Summary Judgment

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Nicini v. Morra*, 212 F.3d 798, 805-806 (3d Cir. 2000) (en banc); *see also* Fed. R. Civ. P. 56(a).  "Once the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 252 (3d Cir. 1999). The non-moving party "must set forth specific facts showing a genuine issue for trial and may not rest upon mere allegations, general denials, or [] vague statements." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991). To demonstrate that there is a genuinely disputed issue of fact, a party must cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory

answers, or other materials" or demonstrate that the adverse party failed to prove that there is no question of fact. Fed. R. Civ. P. 56(c). A factual dispute is deemed genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In reviewing the evidence, the court may not weigh the evidence and must give the nonmoving party the benefit of all reasonable inferences. *Reedy v. Evanson*, 615 F.3d 197, 210 (3d Cir. 2010) (citations omitted).

To succeed on a foreclosure claim under Virgin Islands law, the plaintiff must show: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *Thompson v. Florida Wood Treaters, Inc.*, 2009 WL 4730784, at *3 (D.V.I. Dec. 6, 2009) (citing *National Union Fire Ins. Co. v. Saunders*, 899 F. Supp. 452, 455 (C.D. Cal. 1993)).

### B. Default Judgment

In a motion for entry of default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Fed. R. Civ. P. 8(b)(6). Legal conclusions, however, are not deemed admitted, nor are the extent and amount of damages claimed by a party. *See DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005); Fed. R. Civ. P. 8(b)(6). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951).

A motion for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

> "(1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an

>affidavit of non-military service in compliance with the Soldiers' and Sailors' Civil Relief Act."

*Idewu v. Sealey*, 2012 WL 944781, at *2 (D.V.I. Mar. 19, 2012) (quoting *Int'l Union of Painters & Allied Trades Dist. Council 711 Health & Welfare, Vacation & Finishing Trades Inst. Funds v. Village Glass, Inc.,* 2012 WL 209076, at *1 (D.N.J. Jan. 3, 2012)); *see also* Fed. R. Civ. P. 55(b); *Island Yacht Charters, Inc. v. Malgaglio,* 2009 WL 1507406, at *1 (D.V.I. May 28, 2009). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

### III. ANALYSIS

#### A. Summary Judgment Against Michael J. Springer, Jr.

Plaintiff moves for summary judgment against Defendant Michael J. Springer, Jr. As noted above, Mr. Springer filed a "Notice of Non Opposition to the United States' Motion for Summary Judgment." (Dkt. No. 42). Accordingly, he has conceded the facts set forth in Plaintiff's Statement of Facts, which track the text of the Complaint. (Dkt. No. 33). These facts indicate that Mrs. Springer executed a Note in the principal sum of $32,000.00, plus 8.5% interest, which she promised to pay in monthly installments beginning in January 1979; she delivered a mortgage as security for payment of the Note, encumbering the Property; she entered a Reamortization Agreement in March 1990; and she died intestate in 1999. The facts further indicate that Michael J. Springer Jr. is one of Mrs. Springer's legal heirs; Mr. Springer did not assume the debt, which went into default in February 2008; and the Plaintiff demanded payment, but Mr. Springer failed to cure the default within the time provided. Finally, Plaintiff has demonstrated that it is authorized to foreclose on the Property. The Mortgage provides that,

should default occur in the performance of any obligation in the instrument, the Government may declare the entire amount unpaid under the Note immediately due and payable; take possession of the property; and enforce any and all rights and remedies provided by the law. (Dkt. No. 1-3 at 3, ¶ 17).

In view of the foregoing, Plaintiff has satisfied the requirements for foreclosure under Virgin Islands law. *See Thompson,* 2009 WL 4730784, at *3. The Court will grant summary judgment in favor of the Plaintiff on its claim against Mr. Springer.

### B. Summary Judgment Against the Government of the Virgin Islands

Plaintiff seeks summary judgment on the issue of the priority of its lien on the Property over that of the Government of the Virgin Islands. As noted above, the Government of the Virgin Islands admitted, in its Answer to Plaintiff's Complaint, that its liens are "subordinate and inferior to Plaintiff's real estate mortgage." (Dkt. No. 1, ¶ 19; Dkt. No. 10, ¶ 19). This provides a sufficient factual basis upon which to award Plaintiff summary judgment as to its claim of the priority of its lien on the Property over the lien claimed by the Government of the Virgin Islands. *See Nicini v. Morra*, 212 F.3d 798, 805-806 (3d Cir. 2000) (en banc) ("Summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."). Accordingly, the Court will grant summary judgment in favor of the Plaintiff on its claim against the Government of the Virgin Islands.[2]

---

[2] The Government of the Virgin Islands filed a Cross-Claim against Michael J. Springer, Jr., Michelle Springer, and Faye Martinez, claiming that these Defendants are liable to it for "assessed but unpaid taxes plus the accrued penalties and interest as set forth in the Affidavit of Tax Debt" it attached to its Answer. (Dkt. No. 10 at 4). The Government further asserted that those tax liens are valid and enforceable and it is entitled to foreclose upon them. *Id.* The Government of the Virgin Islands has not otherwise prosecuted its Cross-Claim.

### C. Default Judgment Against Michelle Springer and Faye Martinez

Plaintiff must satisfy all of the requirements necessary to obtain a default judgment against Michelle Springer and Faye Martinez. In this regard, it has properly shown that: (1) default was entered against both of these Defendants by the Clerk of the Court (Dkt. Nos. 24 and 27); (2) neither Defendant has appeared; (3) the Defendants are neither infants nor incompetent (Dkt. No. 35-1, ¶ 9); and (4) the Defendants have been validly served with all pleadings (*id.* ¶¶ 3, 4). In addition, Plaintiff has properly shown the amount of judgment and how it was calculated (Dkt. No. 33-1); and has provided evidence of Defendants' non-military service in compliance with the Soldiers' and Sailors' Civil Relief Act. (Dkt. Nos. 35-2 and 35-3).

Finally, the Court has considered the *Chamberlain* factors and has determined that the prejudice to Plaintiff resulting from the individual Defendants' breach of their obligations under the Note and Mortgage, together with the apparent absence of a litigable defense or any culpable conduct on the part of Plaintiff, renders a default judgment appropriate against Defendants Michelle Springer and Faye Martinez.

### IV. CONCLUSION

Plaintiff has demonstrated that it is entitled to summary judgment against Defendants Michael J. Springer, Jr. and the Government of the Virgin Islands. Accordingly, the Motion for Summary Judgment as to these Defendants will be granted.

Plaintiff has also shown that he is entitled to default judgment against Defendants Michelle Springer and Faye Martinez. Accordingly, the Motion for Default Judgment as to these Defendants will be granted.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: January 24, 2013                             _____/s/_____
                                                   WILMA A. LEWIS
                                                   District Judge